UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY WESLEY PENNY, CDCR #AR-6440,<br><br>                          Plaintiff,<br><br>vs.<br><br>MARTIN D. BASTUBA,<br><br>                          Defendant. | Case No.: 21-CV-630 TWR (BLM)<br><br>**ORDER DISMISSING AMENDED COMPLAINT PURSUANT TO 28 U.S.C. §§ 1915(e)(2) AND 1915A(b)(1)**<br><br>(ECF No. 8) |

On April 9, 2021, Plaintiff Randy Wesley Penny, currently incarcerated at the Substance Abuse Treatment Facility ("SATF") located in Corcoran, California, and proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 naming Martin Bastuba, M.D. and Ralph Diaz as Defendants.[1] (*See generally* ECF No. 1 ("Compl.")). Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a); instead, he filed a Motion to Proceed *in Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). (*See generally* ECF No. 2 ("IFP Mot.").)

---

[1] Although Plaintiff states the events he alleges took place while he was at the Substance Abuse Treatment Facility ("SATF") located in Corcoran, California, Defendant Bastuba is located in San Diego and the surgery took place at Alvarado Hospital, located in San Diego, California. (*See* Compl. at 11–24.)

On May 17, 2021, this Court granted Plaintiff's IFP Motion and dismissed Defendant Diaz without leave to amend pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1). (*See generally* ECF No. 5.) The Court also dismissed the balance of the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1) and gave Plaintiff sixty days from the date of the Order within which to file an Amended Complaint that cured the pleading deficiencies noted in the Order. (*See generally id.*) On August 20, 2021, Plaintiff filed an Amended Complaint ("FAC," ECF No. 8).

## SCREENING PER 28 U.S.C. §§ 1915(e)(2)(B) AND 1915A(b)

### I. Standard of Review

Like his original Complaint, Plaintiff's FAC requires a pre-answer screening pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Under these statutes, the Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

### II. Plaintiff's Allegations

The factual allegations in Plaintiff's FAC are nearly identical to the factual allegations in his original Complaint. Plaintiff alleges that in February of 2020, he had a

consultation with Bastuba regarding surgical solutions for his testicular pain. (*See* Compl. at 5; FAC at 2.) After discussing the effect of various surgical procedures on his fertility, Plaintiff claims he told Bastuba he wanted to maintain his fertility and consented to a procedure called "spermatic cord denervation," with the understanding that it would relieve his pain and ensure his future fertility. (*See* Compl. at 3–6; FAC at 2–3.)

Plaintiff states that on March 3, 2020, Bastuba performed the spermatic cord denervation surgery. (*See* Compl. at 3–6; FAC at 2–3.) Plaintiff alleges, however, that Bastuba performed a second procedure involving his vas deferens to which he did not consent and which amounted to a vasectomy. (*See* Compl. at 3–6; FAC at 3.)

## III. Analysis

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### A. Eighth Amendment Claim

The Eighth Amendment requires that inmates have "ready access to adequate medical care," *Hoptowit v. Ray*, 682 F.2d 1237, 1253 (9th Cir. 1982), and "deliberate indifference to serious medical needs of prisoners" violates the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "A prison official acts with 'deliberate indifference . . . only if the [prison official] knows of and disregards an excessive risk to inmate health and safety.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Gibson v. Cty. of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002), *overruled on other grounds by Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1076 (9th Cir. 2016)).

"Under this standard, the prison official must not only 'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id*. (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

"Deliberate indifference 'may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown in the way in which prison physicians provide medical care.'" *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (quoting *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988)). "Inadvertent failures to provide adequate medical care, mere negligence or medical malpractice, delays in providing care (without more), and differences of opinion over what medical treatment or course of care is proper, are all insufficient to constitute an Eighth Amendment violation." *Norvell v. Roberts*, No. 20-cv-0512 JLS (NLS), 2020 WL 4464454, at *4 (S.D. Cal. Aug. 4, 2020) (citing *Estelle*, 429 U.S. at 105–07; *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir.1990); *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985)). Rather, "[t]o 'show deliberate indifference, the plaintiff must show that the course of treatment the [official] chose was medically unacceptable under the circumstances and that the [official] chose this course in conscious disregard of an excessive risk to the plaintiff's health.'" *Edmo v. Corizon, Inc.*, 935 F.3d 757, 786 (9th Cir. 2019) (quoting *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016)).

Plaintiff included several documents in his original Complaint that he has not included in his First Amended Complaint. Nevertheless, the Court may consider the documents Plaintiff provided as part of his original Complaint as part of the screening process. *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (stating that 'in order to "[p]revent [] plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting . . . documents upon which their claims are based,' a court may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned").

1    Plaintiff contends in his FAC that he did not consent to the inclusion of the vas
2 deferens procedure during the surgery and told Defendant he wanted to preserve his
3 fertility. (*See* FAC at 3–5.) As the Court noted in its May 17, 2021 Order, the preoperative
4 notes Plaintiff attached to his original Complaint indicate Defendant "discussed fertility
5 options for the future with the patient and he states that he is not interested in having
6 children in the future and so the right vas deferens will also be included in this procedure
7 and divided to try to optimize results." (*See* Compl. at 21.) Plaintiff also claims the
8 procedure has rendered him infertile. (*See* FAC at 3–5.) The documents Plaintiff attached
9 to his original Complaint, however, show Defendant told Plaintiff that he "would likely
10 still have sperm in his ejaculate if he has sperm now and that this procedure is in no way
11 definitive as a method of fertility control." (*See id.* at 3–6, 23.)

12    The factual allegations do not establish the Defendant "kn[ew] of and disregard[ed]
13 an excessive risk to inmate health and safety," *Toguchi*, 391 F.3d at 1057, or that he was
14 both "aware of facts from which the inference could be drawn that a substantial risk of
15 serious harm exists,' . . . [and drew] the inference." *Id*. (internal quotation marks and
16 citations omitted.) Defendant treated Plaintiff's medical condition (scrotal pain) with a
17 surgical procedure to which Plaintiff consented. (*See* Compl. at 11–14; FAC at 3–5.)
18 Accordingly, Plaintiff's allegations against Defendant are not sufficient plausibly to allege
19 an Eighth Amendment violation." *See Iqbal*, 556 U.S. at 678.

### B. Supplemental State Law Claim

21    Plaintiff claims in Count One that "Defendant [Bastuba] clearly committed assault
22 and battery upon Plaintiff as defined by Ca. Penal Code § 240 and Ca. Penal Code § 242."
23 (*See* FAC at 3.) Subject to the conditions set forth in 28 U.S.C. § 1367(c), a district court
24 may decline to exercise supplemental jurisdiction over state law claims. *See Acri v. Varian
25 Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997) (en banc). The court's decision whether
26 to exercise supplemental jurisdiction should be informed by values of "economy,
27 convenience, fairness, and comity." *Id*. at 1001 (citations omitted). Primary responsibility
28 for developing and applying state law rests with the state courts. Therefore, when federal

claims are eliminated before trial, district courts should usually decline to exercise supplemental jurisdiction. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *Gini v. Las Vegas Metro. Police Dept.*, 40 F.3d 1041, 1046 (9th Cir. 1994) ("[I]n the usual case in which federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state law claims.") (quoting *Schneider v. TRW Inc.*, 938 F.2d 986, 993 (9th Cir. 1991)).

Accordingly, because the Court has found none of Plaintiff's claims adequately state a plausible federal claim for relief under 42 U.S.C. § 1983, it declines to exercise supplemental jurisdiction over his supplemental state law claim pursuant to 28 U.S.C. § 1367(c). *See Acri*, 114 F.3d at 1000.

## CONCLUSION AND ORDER

For the reasons explained, the Court **DISMISSES WITHOUT LEAVE TO AMEND** Plaintiff's Complaint for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1) and **DECLINES** to exercise supplemental jurisdiction over his supplemental state law claim pursuant to 28 U.S.C. § 1367(c). *See Acri*, 114 F.3d at 1000. Accordingly, the Clerk of Court **SHALL CLOSE** the case and **SHALL ENTER** judgment accordingly.

**IT IS SO ORDERED**.

Dated: October 26, 2021

_____
Honorable Todd W. Robinson
United States District Court